Matilda Sherwood, Respondent, v. Mabel Sherwood, Appellant.—
Appeal dismissed unless appellant file and serve briefs by October tenth,
pay respondent's attorney ten dollars costs, and be ready for argument on
October fourteenth.

Irving E. Smith, Respondent, v. Buffalo, Lockport and Rochester Rail-
way Company, Appellant.— Appeal from order dismissed, without costs,
upon stipulation filed.

Peter Rosko, Appellant, v. New York Central and Hudson River Rail-
road Company, Respondent.— Appeal dismissed, without costs, upon
stipulation filed.

David P. Morehouse and Another, as Executors, etc., and Others,
Respondents, v. Caroline B. Woodruff and Others, as Executors, etc., and
Others, Appellants.— Judgment affirmed, with costs.    All concurred.

Rachael Kamonofsky, as Administratrix, etc., Respondent, v. The Town
of Floyd, Appellant.— Judgment and order affirmed, with costs.    All con-
curred, except Lambert and Merrell, JJ., who dissented upon the ground
that the evidence fails to show that the defendant's negligence was the
cause of the death of plaintiff's intestate, or that he was free from
contributory negligence.

Kate M. Cox, Respondent, v. Anton L. Schwab, Personally and as Sur-
viving Partner, etc., Appellant.— Judgment and order affirmed, with
costs.    All concurred, except Foote, J., who dissented.

Elmer D. Kimball, Respondent, v. The O'Dell and Eddy Company,
Appellant.— Judgment and order affirmed, with costs.    All concurred.

Mary Heffron, Respondent, v. International Railway Company, Appel-
lant.— Judgment and order reversed and new trial granted, with costs to
appellant to abide event, upon the ground that the verdict is against the
weight of the evidence on the question of defendant's negligence, and
upon the further ground that the damages are excessive.    All concurred.

Ida Pfeiffer, as Administratrix, etc., Appellant, v. The Iron Elevator
and Transfer Company, Respondent.— Per Curiam: Upon the former
appeal the verdict was held to be " contrary to and against the weight of
the evidence."    We now hold, upon the present record, not only that the
weight of the evidence is against the plaintiff upon the question of defend-
ant's negligence, but also that as a matter of law the evidence is insuffi-
cient to establish actionable negligence against the defendant.    The
record discloses no reversible error, and, therefore, the plaintiff's excep-
tions should be overruled, the motion for a new trial denied, and judgment
having been entered, and an appeal also taken therefrom, the judgment
should be affirmed, with costs.    All concurred.    Plaintiff's exceptions over-